Hyung S. Choi, State Bar 015669
Veronika Fabian, State Bar 018770
CHOI & FABIAN, PLC
90 S. Kyrene Rd., Suite #5
Chandler, Arizona  85226
Tel:  (480) 517-1400
Fax: (480) 517-6955
Hyung@choiandfabian.com
Veronika@choiandfabian.com
*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA
## PHOENIX DIVISION

| | |
|---|---|
| Paul Dickerson and Ma Riza Dickerson, on behalf of plaintiffs and the class members described herein,<br><br>                              Plaintiffs,<br><br>vs.<br><br>NWAN, INC.<br><br>                              Defendant. | Case No.<br><br>**CLASS ACTION COMPLAINT DEMAND FOR JURY TRIAL** |

## __INTRODUCTION__

1.      Plaintiffs bring this action to secure redress for unlawful practices in connection with automotive warranties.  Defendant, a major issuer and administrator of automotive warranties, voids warranties based on nonfulfillment of conditions that are prohibited by the Magnuson Moss Consumer Product Warranty Act.

Class Action Complaint

2.      Plaintiffs allege violations of the Magnuson Moss Consumer Products

Warranty Act.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction under the Class Action Fairness Act, 28 U.S.C.

§1332(d).

4.      The amount in controversy, on a classwide basis, exceeds $5 million, exclusive

of interest and costs.

5.      Plaintiffs are of diverse citizenship to defendant, as set forth below.

6.      Venue and personal jurisdiction in this District are proper because this action

arises out of business which defendant transacted with plaintiffs in this

District.

## PARTIES

7.      Plaintiff Paul Dickerson is a resident and citizen of Arizona.

8.      Plaintiff Ma Riza Dickerson is a resident and citizen of Arizona.

9.      Defendant NWAN, Inc., is an Ohio corporation with its principal offices

located in Strongsville, Ohio. Its registered agent and office is 1600 CNB

Corp., 1375 East Ninth Street, 29th Floor, Cleveland, OH 44114.

10.     Defendant NWAN, Inc., is a producer, distributor, and administrator of

automotive and recreational vehicle warranties. Since 2006, NWAN, Inc., has

sold what it calls the "Warranty Forever" warranties.

11.     By 2014, NWAN, Inc.'s  automobile dealership clients have issued more than

350,000 "Warranty Forever" automotive warranties to consumers, according

2                                    Class Action Complaint

to statements made in the complaint it filed in *NWAN, Inc. v. Mason,* 1:14cv1375 (N.D.Ohio).

**FACTS**

12. On October 3, 2015, plaintiff Paul Dickerson, a retired mechanic, and plaintiff Ma Riza Dickerson purchased a 2007 Dodge Ram truck from Superstition Springs Chrysler Jeep, Mesa, Arizona.

13. Such vehicles are generally used for personal, family or household purposes.

14. As part of the transaction, plaintiffs purchased a "Warranty Forever" Limited Powertrain Warranty.  A copy of the warranty is attached as Exhibit A.

15. The administrator of the warranty is NWAN, Inc., P. O. Box 30308, Cleveland, OH 44130.

16. The warranty is a "written warranty" as defined in the Magnuson Moss Consumer Products Warranty Act, 15 U.S.C. § 2301.

17. Plaintiffs also were required to sign an "acknowledgment of service requirements" (Exhibit B).

18. Exhibit A states that "YOU must have the SELLING DEALER perform all maintenance on YOUR VEHICLE as outlined in the General Provisions section of this LIMITED WARRANTY.  In the event you choose to have YOUR VEHICLE serviced by a REPAIR FACILITY other than the SELLING DEALER, each service must be preauthorized by calling the ADMINISTRATOR in advance of the service being completed.  Failure to

Class Action Complaint

preauthorize each service performed outside of the SELLING DEALER will void this LIMITED WARRANTY."

19. Exhibit A is a printed form regularly used by defendant.

20. Exhibit B similarly states that "It is my understanding that the vehicle I am purchasing/ leasing must be maintained at" the selling dealer and that "In the event I choose to have my maintenance performed by a repair facility outside of the dealership listed above, I understand that each service visit must be pre-authorized prior to the service visit by contacting the Administrator at 1-800-810-8458."

21. Exhibit B is a printed form regularly used by defendant.

22. In April 2016, plaintiffs made a claim for transmission repairs necessitated by a leaking front pinion seal and transfer case output seal.

23. Defendant denied the claim "as the contract is voided for failure to follow the maintenance requirements of the agreement.  Per the contract guidelines, you must perform the maintenance on your vehicle as outlined in your owner's manual with the selling dealer or a repair facility which has been preauthorized in order for this agreement to be valid."   (Exhibit C)

24. The estimated cost of the repairs was $3700.

25. Plaintiffs performed necessary maintenance and service on the vehicle other than at the selling dealer and without preauthorization.  Among other things, plaintiff Paul Dickerson changed a water pump himself.

Class Action Complaint

26. Defendant did not claim that the transmission problem was caused by the maintenance and service, and there would be no basis for such a claim.

27. It is the policy and practice of defendant to enforce the conditions in Exhibits A- B.

## **UNLAWFUL NATURE OF WARRANTY CONDITIONS**

28. The Magnuson Moss Consumer Products Warranty Act prohibits "tying" conditions such as those imposed by defendant.

29. 15 U.S.C. § 2302(c) provides:

(c) Prohibition on conditions for written or implied warranty; waiver by Commission

No warrantor of a consumer product may condition his written or implied warranty of such product on the consumer's using, in connection with such product, any article or service (other than article or service provided without charge under the terms of the warranty) which is identified by brand, trade, or corporate name; except that the prohibition of this subsection may be waived by the Commission if–

(1) the warrantor satisfies the Commission that the warranted product will function properly only if the article or service so identified is used in connection with the warranted product, and

(2) the Commission finds that such a waiver is in the public interest.

The Commission shall identify in the Federal Register, and permit public comment on, all applications for waiver of the prohibition of this subsection, and shall publish in the Federal Register its disposition of any such application, including the reasons therefor.

30. Implementing Federal Trade Commission regulations, 16 C.F.R. § 700.10(c), provide:

Class Action Complaint

No warrantor may condition the continued validity of a warranty on the use of only authorized repair service and/or authorized replacement parts for non-warranty service and maintenance (other than an article of service provided without charge under the warranty or unless the warrantor has obtained a waiver pursuant to section 102(c) of the Act, 15 U.S.C. 2302(c)). For example, provisions such as, "This warranty is void if service is performed by anyone other than an authorized ABC' dealer and all replacement parts must be genuine ABC' parts," and the like, are prohibited where the service or parts are not covered by the warranty. These provisions violate the Act in two ways. First, they violate the section 102(c), 15 U.S.C. 2302(c), ban against tying arrangements. Second, such provisions are deceptive under section 110 of the Act, 15 U.S.C. 2310, because a warrantor cannot, as a matter of law, avoid liability under a written warranty where a defect is unrelated to the use by a consumer of "unauthorized" articles or service. In addition, warranty language that implies to a consumer acting reasonably in the circumstances that warranty coverage requires the consumer's purchase of an article or service identified by brand, trade or corporate name is similarly deceptive. **For example, a provision in the warranty such as, "use only an authorized ABC' dealer" or "use only ABC' replacement parts," is prohibited where the service or parts are not provided free of charge pursuant to the warranty**. This does not preclude a warrantor from expressly excluding liability for defects or damage caused by "unauthorized" articles or service; nor does it preclude the warrantor from denying liability where the warrantor can demonstrate that the defect or damage was so caused.

31. The refusal of defendant to honor its warranty without regard to whether there is a connection between the "unauthorized" work and the problem for which a claim is made is unlawful.

32. The requirement that a consumer use the selling dealer is unlawful.

33. A requirement that a consumer either use the selling dealer for service or obtain prior authorization from defendant is unreasonable and contrived to cause consumers to lose their warranty protection.

Class Action Complaint

34.    The purported inclusion of the "service requirements" in defendant's warranties renders them of lesser value than bargained for, if not substantially worthless, in that purchasers of used cars often do not have them serviced exclusively at the selling dealer, and are likely to overlook the "prior authorization" requirement.

## COUNT I – MAGNUSON MOSS ACT

35.    Plaintiffs incorporate paragraphs 1-34.

36.    15 U.S.C. §2310(d) provides that "a consumer who is damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation under this chapter, or under a written warranty, implied warranty, or service contract, may bring suit for damages and other legal and equitable relief".

37.    Plaintiffs have been damaged by the refusal of defendant to honor its warranty.

## CLASS ALLEGATIONS

38.    Plaintiffs bring this claim on behalf of two classes, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(2) and (b)(3).

39.    The (b)(2) class consists of (a) all persons (b) who purchased a warranty issued by defendant (c) which contains "service requirements" similar to those in Exhibits A and B (d) which warranty is still in force, or would be but for the voiding of the warranty for noncompliance with the "service requirements."

40. The (b)(3) class consists of class members whose warranties were voided or not honored based on noncompliance with the "service requirements"during a period beginning six years prior to the filing of this action.

41. Based on the number of warranties defendant claims to have issued, each class is so numerous that joinder of all members is not practicable.

42. There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members.  The predominant common question is whether the "service requirements" in defendant's warranties violate the Magnuson Moss Act.

43. Plaintiffs' claim is typical of the claims of the class members.  All are based on the same factual and legal theories.

44. Plaintiffs will fairly and adequately represent the class members.  Plaintiffs have retained counsel experienced in class actions and consumer litigation.

45. Declaratory and injunctive relief is appropriate with respect to the class as a whole, in that defendant has acted on a uniform basis by including and enforcing the "service requirements" set forth above.  Plaintiffs contend that these requirements are unlawful, and seek a declaratory judgment to that effect and an injunction against their enforcement.

46. A class action is superior for the fair and efficient adjudication of this matter, in that:

   a. Individual actions are not economically feasible.

   b. Members of the class are likely to be unaware of their rights.

WHEREFORE, the Court should enter judgment in favor of plaintiffs and the classes and against defendant for:

    i. A declaration that defendant's service requirements violate the Magnuson Moss Act;

    ii. An injunction against the enforcement of the service requirements;

    iii. An order requiring defendant to reprocess all claims denied based on the service requirements, or alternatively awarding compensatory damages;

    iv. Attorney's fees, litigation expenses and costs of suit;

    v. Such other or further relief as the Court deems proper.

## **JURY DEMAND**

Plaintiffs demand trial by jury.

DATED this 19th day of June, 2017.

    CHOI & FABIAN, PLC

    */s/ Veronika Fabian*
    Veronika Fabian
    Attorney for Plaintiffs

pro hac vice to be applied for

Daniel A. Edelman
Cathleen M. Combs
Cassandra P. Miller
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service:  courtecl@edcombs.com