**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Paul Dickerson and Ma Riza Dickerson, | No. CV-17-01899-PHX-DGC |
| Plaintiffs, | **ORDER** |
| v. | |
| NWAN Incorporated and Superstition Springs MID LLC, | |
| Defendants. | |

Plaintiffs Paul and Ma Riza Dickerson purchased a Dodge Ram truck from Defendant Superstition Springs MID LLC, covered by a limited warranty administered by Defendant NWAN Incorporated. Plaintiffs allege that Defendants voided the warranty in violation of the Magnuson-Moss Warranty Act ("MMWA" or the "Act"), 15 U.S.C. § 2301, *et seq*. Defendants have filed motions to dismiss Plaintiffs' amended complaint pursuant to Rule 12(b)(6). Docs. 31, 32. The motions are fully briefed (Docs. 41, 42), and oral argument will not aid the Court's decision. For reasons stated below, the Court will grant NWAN's motion and deny Superstition's.

**I.     Background.**

Plaintiffs' amended complaint alleges that on October 3, 2015, they purchased a 2007 Dodge Ram truck from Superstition. Doc. 16 ¶ 14. They were induced to make the purchase and pay a higher price than they otherwise would have because Superstition provided a "Warranty Forever" limited powertrain warranty (the "Warranty"). *Id.* ¶¶ 16-17. When Plaintiffs purchased the vehicle, they received a one-page declaration

and a one-page "Acknowledgment of Service Requirements" regarding the Warranty. *Id.* ¶¶ 18, 35; Doc. 16-1 at 2, 14. Both documents identify Ma Riza Dickerson as the customer and Superstition as the selling dealership. Doc. 16-1 at 2, 14. Paul Dickerson and an authorized Superstition representative signed both documents. *Id.*; Doc. 16 ¶¶ 18, 35. The Declaration contains a section titled "Maintenance Requirements," which states:

> IMPORTANT NOTICE TO THE CUSTOMER
>
> YOU must have the SELLING DEALER perform all maintenance on YOUR VEHICLE as outlined in the General Provisions section of this LIMITED WARRANTY. In the event YOU choose to have YOUR VEHICLE serviced by a REPAIR FACILITY other than the SELLING DEALER, each service must be preauthorized by calling the ADMINISTRATOR in advance of the service being completed. Failure to preauthorize each service performed outside of the SELLING DEALER will void this LIMITED WARRANTY.

Doc. 16-1 at 2. The Declaration also contains a section titled "Repair Authorization" that states: "YOU are required to have the VEHICLE repaired at the dealership listed above or to obtain authorization prior to beginning any repairs to be performed by another REPAIR FACILITY." *Id.* The Acknowledgment similarly provides: "In the event I choose to have my maintenance performed by a repair facility outside of the dealership listed above, I understand that each service visit must be pre-authorized prior to the service visit by contacting the Administrator at 1-800-810-8458." *Id.* at 14.

A few weeks after the purchase, Plaintiffs received additional information about the Warranty by mail. Doc. 16 ¶¶ 19-20; Doc. 16-1 at 4-7. The first page of the mailed information is identical to the Declaration. *See* Doc. 16-1 at 2, 4. The remaining three pages define certain terms used in the Declaration, and provide more detailed information about the Warranty. Doc. 16-1 at 5-7. "Selling Dealer" is defined as "the dealer identified on the [Declaration], which is obligated to perform under this [Warranty]." Doc. 16-1 at 5. "Administrator" means NWAN. *Id.*

By a separate agreement between NWAN and Superstition, NWAN agreed to administer the "Warranty Forever" warranties that Superstition provided to its customers. Doc. 16 ¶¶ 24, 26. That agreement provides that NWAN creates the forms provided to customers and processes customer claims and pre-authorizations, Superstition pays NWAN a fee, and NWAN reimburses Superstition for any covered repairs it performs. *Id.* ¶¶ 22, 25, 27.

From the date of purchase through April 2016, Plaintiffs performed necessary non-covered maintenance and repairs on the truck at facilities other than Superstition, but did not seek pre-authorization. *Id.* ¶ 41. Mr. Dickerson, a retired mechanic, performed at least one repair on the truck himself. *Id.* In April 2016, Plaintiffs filed a claim with NWAN for transmission repairs covered by the Warranty. *Id.* ¶ 38. NWAN denied the claim "as the contract is voided for failure to follow the maintenance requirements of the agreement." *Id.* ¶ 39; Doc. 16-1 at 16.

Plaintiffs allege that the Warranty's preauthorization requirement "is burdensome and coercive and devised to effectively require that the dealer perform all maintenance and services." Doc. 16 ¶ 34. Plaintiffs further assert that the requirement violates the MMWA's anti-tying provision, 15 U.S.C. § 2302(c). *Id.* ¶¶ 45-48. Based on these allegations, Plaintiffs bring a MMWA claim against NWAN and Superstition, and a claim for intentional interference with contract against NWAN. *Id.* ¶¶ 51-63.[1]

## II. Legal Standard.

A successful motion to dismiss under Rule 12(b)(6) must show either that the complaint lacks a cognizable legal theory or fails to allege facts sufficient to support its theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A complaint that sets forth a cognizable legal theory will survive a motion to dismiss as long as it contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl.*

---

[1] Plaintiffs seek to represent various classes and subclasses pursuant to Rule 23. Doc. 16 ¶¶ 64-74. The issue of class certification is not yet before the Court.

- 3 -

*Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim has facial plausibility when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

### III. Discussion.

#### A. Intentional Interference with Contract.

NWAN argues that Plaintiffs have failed to allege two out of five essential elements of an intentional interference claim: (1) intentional interference inducing or causing a breach, and (2) improper action by NWAN. Doc. 31 at 14 (citing *Safeway Ins. Co. v. Guerrero*, 106 P.3d 1020, 1025 (Ariz. 2005)). Plaintiffs respond that NWAN intentionally caused Superstition to deny Plaintiffs' April 2016 claim based on the allegedly unlawful provisions in the Warranty, which NWAN improperly "created, administered, and imposed[.]" Doc. 41 at 14. Thus, the breach Plaintiffs identify is Superstition's denial of their April 2016 claim. *Id.* This does not state a claim.

As NWAN points out in its reply, Plaintiffs allege only "that NWAN enforced the contract as written." Doc. 42 at 9. Plaintiffs concede that their claim was denied pursuant to the terms of the Warranty. Doc. 16 ¶¶ 39, 43; Doc. 41 at 14. Plaintiffs cite *Snow v. Western Savings and Loan Association*, 730 P.2d 204, 210-11 (Ariz. 1986), for the proposition that "[r]efusing to perform under a contract because of an erroneous interpretation of one's obligations is a breach of contract." Doc. 41 at 14. But they do not explain how Superstition or NWAN's interpretation of the Warranty was erroneous. They simply assert that the repair provisions are unlawful. Even if the provisions violate the MMWA, that does not mean that Superstition breached the Warranty by enforcing them – it means that NWAN may be liable under the MMWA. Because Plaintiffs have

not alleged that NWAN caused Superstition to breach its agreement with Plaintiffs, their intentional interference claim will be dismissed.[2]

**B.  MMWA Claim.**

The MMWA creates a civil cause of action for "a consumer who is damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation under" the Act. 15 U.S.C. § 2310(d). Section 2302(c) – the "anti-tying" provision – prohibits warrantors of consumer products from conditioning warranties "on the consumer's using, in connection with such product[s], any article or service (other than article or service provided without charge under the terms of the warranty) which is identified by brand, trade, or corporate name," unless the warrantor obtains a waiver from the Federal Trade Commission (the "FTC"). 15 U.S.C. § 2302(c). The FTC's interpretation of § 2302(c) explains:

> No warrantor may condition the continued validity of a warranty on the use of only authorized repair service and/or authorized replacement parts for non-warranty service and maintenance . . . For example, provisions such as, "This warranty is void if service is performed by anyone other than an authorized 'ABC' dealer and all replacement parts must be genuine 'ABC' parts," and the like, are prohibited where the service or parts are not covered by the warranty. These provisions violate the Act in two ways. First, they violate [§ 2302(c)]. Second, such provisions are deceptive under [§ 2310], because a warrantor cannot, as a matter of law, avoid liability under a written warranty where a defect is unrelated to the use by a consumer of "unauthorized" articles or service.

16 C.F.R. § 700.10.

Both Defendants argue that the MMWA claim should be dismissed because Plaintiffs lack standing and the Warranty does not violate § 2302(c). Doc. 31 at 9-14; Doc. 32 at 6-11. NWAN also argues that it is not a proper defendant because it is not a

---

[2] NWAN also argues that it cannot be liable for intentional interference because NWAN acted as an agent to one of the contracting parties, Superstition. Doc. 31 at 14-16. The Court need not address this argument.

warrantor. Doc. 31 at 7-8. As explained below, the Court agrees that NWAN is not a proper defendant, but disagrees with Defendants' other arguments.

### 1. Plaintiffs Have Standing Under the MMWA.

The MMWA creates a cause of action for "a consumer who is damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation under" the Act. 15 U.S.C. § 2310(d). Plaintiffs allege that the Warranty provisions requiring them to seek preauthorization for repairs performed at facilities other than Superstition violate § 2302(c) of the MMWA. Plaintiffs further allege that they were injured because their April 2016 claim was denied solely on the basis of their failure to comply with the allegedly unlawful provisions. Defendants argue that Plaintiffs lack standing because Plaintiffs themselves caused the damage by failing to seek preauthorization for their repairs. *See* Doc. 31 at 13-14; Doc. 32 at 6-7. The Court does not agree. If the preauthorization provisions were unlawful, Plaintiffs were not required to comply with them in order to receive the benefits of the Warranty, and they have been damaged by Defendants' denial of those benefits on the basis of the unlawful provisions. Plaintiffs have standing to challenge the preauthorization provisions.

### 2. NWAN Is Not a Proper Defendant.

The anti-tying provision applies to a "warrantor of a consumer product." 15 U.S.C. § 2302(c). "The term 'warrantor' means any supplier or other person who gives or offers to give a written warranty or who is or may be obligated under an implied warranty." 15 U.S.C. § 2301(5). The MMWA allows a warrantor to designate a representative to perform its duties under a warranty, but makes clear that "no such designation shall relieve the warrantor of his direct responsibilities to the consumer or make the representative a cowarrantor." 15 U.S.C. § 2307. Section 2310, which establishes the MMWA private cause of action, explains that "only the warrantor actually making a written affirmation of fact, promise, or undertaking shall be deemed to have created a written warranty, and any rights arising thereunder may be enforced under this section only against such warrantor and no other person." 15 U.S.C. § 2310(f).

NWAN argues that it is not a warrantor as defined by the MMWA. Doc. 31 at 7-8. The Court agrees. Aside from a bare assertion, Plaintiffs plead no facts showing that NWAN "gave or offered to give a written warranty" to Plaintiffs. *See* 15 U.S.C. § 2301(5). The Warranty documents attached to the complaint indicate that the Warranty was offered and given by Superstition. The documents identify the Dickersons as the customer and Superstition as the seller, and are signed only by Paul Dickerson and Superstition. NWAN is not a party to the agreement, and Plaintiffs do not allege that NWAN had any involvement in the negotiating or purchasing phase when they entered into the Warranty. NWAN is identified as the "Administrator," to be contacted if Plaintiffs wish to seek preauthorization or file a claim under the Warranty, but this delegation of Superstition's obligations to NWAN does not make NWAN a cowarrantor. 15 U.S.C. § 2307; *see also Wicks v. Chrysler Grp., LLC*, No. CIV. S-10-3214 LKK, 2011 WL 3876179 (E.D. Cal. Sept. 1, 2011) (dismissing plaintiff's MMWA claim against defendant where defendant agreed to provide "all warranty service" to customers with warranties issued by the vehicle manufacturer, because defendant was merely a designee under § 2307, while the manufacturer was the warrantor). The Court will dismiss the MMWA claim against NWAN because Plaintiffs have not alleged facts to show that NWAN is a warrantor.

### 3. Plaintiffs Have Stated a Claim Against Superstition.

Plaintiffs allege that in order to maintain the Warranty for covered repairs, they must purchase a brand-name service – the Superstition repair service – for all non-covered repairs and maintenance performed on their vehicle. Doc. 16 ¶¶ 31-34; Doc. 41 at 10. Plaintiffs cite § 2302(c) and the accompanying FTC interpretation, 16 C.F.R. § 700.10, which appear to support their theory that this is a prohibited tying arrangement under the MMWA. Doc. 16 ¶¶ 45-46; Doc. 41 at 8-9.

Superstition responds that the Warranty does not violate the MMWA because it includes an "option to have service performed elsewhere after obtaining preauthorization." Doc. 32 at 9. Superstition explains that "[n]o case has found that a

warranty like this one, which clearly informs consumers that they can service their vehicles at non-dealership facilities upon preauthorization, violates the MMWA's anti-'tying' provision." *Id.* Superstition asserts that in cases where courts have found anti-tying violations, the warranties did not offer an option like the Warranty here. *Id.* But Superstition does not cite, and the Court has not found, any case that has dealt with a warranty provision like the one here. Superstition asserts that two cases are directly on point, but those cases involved warranties that required consumers to have *repairs covered by the warranty* performed at a particular facility or seek authorization to have the repair performed elsewhere. *See Snyder v. Komfort Corp.*, No. 07 C 1335, 2008 WL 2952300 (N.D. Ill. July 30, 2008); *Tague v. Autobarn Motors, Ltd.*, 914 N.E.2d 710, 712 (Ill. App. Ct. 2009). Moreover, neither case involved an alleged violation of the MMWA's anti-tying provision. The plaintiffs in *Snyder* and *Tague* simply claimed that the defendants breached their warranties. Thus, Superstition has demonstrated only that no case addresses the particular issue in this case. Given the language of § 2302(c) and 16 C.F.R. § 700.10 quoted above, the Court cannot conclude as a matter of law that the Warranty complies with the MMWA.

Plaintiffs have alleged conduct which plausibly falls within the MMWA's prohibited conduct. The Court will not dismiss Plaintiffs' MMWA claim at this stage.

**IV. Subject-Matter Jurisdiction.**

The dismissal of NWAN as a defendant raises an additional issue, which the parties have not addressed but the Court must consider *sua sponte*. The amended complaint asserts the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), as the sole basis for the Court's jurisdiction. Doc. 16 ¶ 4. Relevant here, CAFA requires that at least one member of the plaintiff class is "a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A); *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1021 (9th Cir. 2007) ("[U]nder CAFA, complete diversity is not required; 'minimal diversity' suffices."). Without NWAN in this case, all parties are from Arizona and it does not appear that Plaintiffs can satisfy this jurisdictional requirement.

Plaintiffs might alternatively assert jurisdiction under the MMWA, but it appears the Court may assert jurisdiction over an MMWA class action only if there are at least 100 named plaintiffs. *See* 15 U.S.C. § 2310(d)(3)(C); *Harris v. CVS Pharmacy, Inc.*, No. ED CV 13-02329-AB (AGRX), 2015 WL 4694047, at *8 (C.D. Cal. Aug. 6, 2015) ("Absent CAFA jurisdiction, Plaintiff cannot pursue a claim under the MMWA as the sole named plaintiff."); *Keegan v. Am. Honda Motor Co.*, 838 F. Supp. 2d 929, 954 (C.D. Cal. 2012) (collecting cases that have held "where the party invoking federal jurisdiction is able to meet his or her burden of proving jurisdiction under CAFA, the absence of at least one hundred named plaintiffs does not prevent the plaintiff from asserting claims under the [MMWA]"). The Court will require the parties to brief this issue. *See Spencer Enterprises, Inc. v. United States*, 345 F.3d 683, 687 (9th Cir. 2003); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

**IT IS ORDERED:**

1. Defendant NWAN's motion to dismiss (Doc. 31) is **granted**.
2. Defendant Superstition Springs's motion to dismiss (Doc. 32) is **denied**.
3. Plaintiffs and Defendant Superstition Springs shall file simultaneous briefs, not to exceed seven pages each, addressing the Court's subject matter jurisdiction, by **February 21, 2018**.

Dated this 7th day of February, 2018.

David G. Campbell
United States District Judge