**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Paul Dickerson and Ma Riza Dickerson, | No. CV-17-01899-PHX-DGC |
| Plaintiffs, | **ORDER** |
| v. | |
| NWAN Incorporated and Superstition Springs MID LLC, | |
| Defendants. | |

Plaintiffs Paul and Ma Riza Dickerson sued Superstition Springs MID LLC ("Superstition") and NWAN Incorporated for intentional interference with contract and violation of the Magnuson-Moss Warranty Act ("MMWA"), 15 U.S.C. § 2301, *et seq*. Doc. 16. On February 7, 2018, the Court dismissed the intentional interference claim and dismissed NWAN as a defendant. Doc. 45. The Court also ordered the parties to submit briefs addressing the Court's subject matter jurisdiction. *Id.*; *see* Docs. 49, 50. Superstition submitted evidence with its brief and argued that Plaintiffs cannot satisfy the amount-in-controversy requirement under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). Doc. 50. The Court ordered supplemental briefing on this issue, which the parties submitted. Docs. 52, 53. For the reasons stated below, the Court finds that it lacks jurisdiction.

## I. Background.

Plaintiffs purchased a Dodge Ram truck from Superstition. The truck was covered by a "Warranty Forever" limited powertrain warranty administered by NWAN. The warranty required Plaintiffs to have all maintenance on the vehicle performed at Superstition or seek pre-authorization to have the service performed elsewhere. Plaintiffs' claim for a covered repair was denied and their warranty was voided because they failed to comply with this requirement. Plaintiffs allege that the pre-authorization requirement violates the MMWA's anti-tying provision, 15 U.S.C. § 2302(c).

## II. The Class Action Fairness Act.

Plaintiffs' amended complaint asserts CAFA as the sole basis for the Court's jurisdiction. Doc. 16 ¶ 4. CAFA requires at least one member of the plaintiff class to be "a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). In addition to minimal diversity, CAFA requires that there be at least 100 class members and that the aggregate amount in controversy exceed $5 million, exclusive of interests and costs. *See* 28 U.S.C. § 1332(d)(2), (5); *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1195 (9th Cir. 2015). Superstition argues that the Court lacks jurisdiction because Plaintiffs cannot satisfy any of these requirements. Docs. 50, 53.[1]

### A. Burden of Proof.

Most cases addressing the CAFA jurisdictional requirements involve a plaintiff who contests a defendant's removal of the case to federal court. *See Petkevicius v. NBTY, Inc.*, No. 314CV02616CABRBB, 2017 WL 1113295, at *3 (S.D. Cal. Mar. 24, 2017) ("The overwhelming majority of decisions concerning CAFA jurisdiction involve cases removed to federal court by defendants."). When a plaintiff contests jurisdiction in a removed action, "both sides submit proof and the court decides, by a preponderance of the evidence, whether the" jurisdictional requirements have been satisfied. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014); *Ibarra*, 775

---

[1] Plaintiffs do not assert federal question jurisdiction for their individual MMWA claim, nor does it appear that they could. Such claims must satisfy a $50,000 amount-in-controversy threshold. *See* 15 U.S.C. § 2310(d)(3)(B).

- 2 -

F.3d at 1195. The removing defendant "has the burden to put forward evidence showing that the amount in controversy exceeds $5 million, to satisfy other requirements of CAFA, and to persuade the court that the estimate of damages in controversy is a reasonable one." *Ibarra*, 775 F.3d at 1197. "[A] defendant cannot establish removal jurisdiction by mere speculation and conjecture, with unreasonable assumptions." *Id.*

In this case, Plaintiffs chose federal court. As proponents of federal jurisdiction, Plaintiffs must establish CAFA's requirements by a preponderance of the evidence. *See Robinson v. United States*, 586 F.3d 683, 685 (9th Cir. 2009) ("Once challenged, the party asserting subject matter jurisdiction has the burden of proving its existence[,]" and no "presumptive truthfulness attaches to plaintiff's allegations." (internal quotation marks omitted)); *Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990) ("The party asserting jurisdiction has the burden of proving all jurisdictional facts.").

**B. Minimal Diversity.**

The parties agree that Plaintiffs and Superstition are Arizona citizens for purposes of diversity and that NWAN is an Ohio citizen. Plaintiffs argue, however, that dismissal of NWAN did not destroy jurisdiction because diversity existed at the time they filed suit, and "post-filing developments do not defeat jurisdiction if jurisdiction was properly invoked as of the time of filing." Doc. 45 at 2 (quoting *United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO, CLC v. Shell Oil Co.*, 602 F.3d 1087, 1091-92 (9th Cir. 2010)). The Court agrees. *See United Steel*, 602 F.3d 1087 (denial of class certification after removal did not destroy CAFA jurisdiction); *Cunningham Charter Corp. v. Learjet, Inc.*, 592 F.3d 805, 806 (7th Cir. 2010) (same); *Main v. Gateway Genomics, LLC*, No. 15CV2945 AJB (WVG), 2016 WL 7626581, at *8 (S.D. Cal. Aug. 1, 2016) (dismissal of diverse party did not destroy jurisdiction because "minimal diversity as required by CAFA existed at the outset of this action"); *Waller v. Hewlett-Packard Co.*, No. 11CV0454-LAB RBB, 2012 WL 1987397 (S.D. Cal. June 4, 2012) (same).

### C. Class Members and Amount in Controversy.

Superstition argues that Plaintiffs cannot meet the class-size requirement because "there are not even 100 *potential* plaintiffs" in this action. Doc. 53 at 3 (emphasis in original).[2] Superstition submits internal data regarding its warranties, supported by affidavits from Superstition and NWAN employees. *See* Docs. 50-1, 50-2. According to the data, during the four years prior to Plaintiffs' filing of this case,[3] Superstition voided 209 "Warranty Forever" warranties. Doc. 50-1 at 2. Of those, 82 warranties were voided for failure to pre-authorize services; 63 of the 82 warranties were voided solely for this reason; and the remaining 19 were voided for multiple reasons. *Id.*

Superstition argues that these 82 warranty holders cannot meet the $5 million aggregate damages requirement. Doc. 50 at 3. This is because the warranties contain a provision limiting damages to the resale value of the car at the time of the breakdown, the average sale price for new cars sold by Superstition is $33,497, and 82 times $33,497 equals $2.75 million. *Id.* at 2-3. Thus, Superstition argues, even if each of the 82 potential plaintiffs bought new cars (as opposed to used cars, which have an average sale price of $18,683) and had claims for the original value of the car, the total damages amount would be well below CAFA's $5 million requirement. *Id.* at 3.

Plaintiffs assert that their amended complaint, at the time it was filed, alleged claims on behalf of more than 100 class members and placed more than $5 million in controversy. Doc. 52 at 2. Plaintiffs further argue that Superstition ignores the amended complaint's class of persons who have not yet had their warranties voided. *Id.*; *see also* Doc. 16 ¶¶ 64-68. But Plaintiffs must do more than explain why Superstition's estimates are flawed. As the party seeking to invoke federal jurisdiction, they have "the burden of proving all jurisdictional facts." *Indus. Tectonics*, 912 F.2d at 1092.

---

[2] Superstition makes this argument in the context of the MMWA's 100-named-plaintiffs requirement, but Plaintiffs do not assert jurisdiction under the MMWA. The Court will consider the argument in the context of CAFA's 100-plaintiffs requirement.

[3] Superstition asserts that a four-year statute of limitations applies to Plaintiffs' MMWA claim. Doc. 50 at 2. Plaintiffs agree. Doc. 52 at 3 n.1.

- 4 -

The amended complaint contains two classes and two subclasses. Doc. 16 ¶¶ 65-68. The broadest class definition includes "(a) all persons (b) who purchased a warranty issued on forms provided by defendant NWAN (c) which contains 'service requirements' similar to those in Exhibits A and B (d) which warranty is still in force, or would be but for the voiding of the warranty for noncompliance with the 'service requirements.'" *Id*. ¶ 65. But Plaintiffs' complaint and their subsequent briefing provide no reliable basis for estimating the size of this class. The complaint does allege that NWAN's car dealership clients issued more than 350,000 of its "Warranty Forever" warranties in 2014, but the sole source cited for this number are allegations from another complaint filed in a lawsuit in Ohio. *Id.* ¶ 12. Plaintiffs provide no other evidence concerning the number of warranties at issue in this case.[4]

Superstition does provide numbers, supported by an affidavit. Doc. 50-1. These numbers suggest that Superstition sold several hundred warranties. *Id*. But the Court cannot tell how many of those warranties satisfy Plaintiff's specific class definition: warranties containing service requirements similar to Plaintiffs'. Doc. 16 ¶ 65.

Even if it could be assumed that all of Superstition's warranties contained similar provisions and that the class size exceeded 100 at the time of filing, Plaintiffs provide no reliable basis for the Court to find that CAFA's $5 million threshold is satisfied. The complaint asserts that the "amount in controversy, on a class-wide basis, exceeds $5 million, exclusive of interest and costs." *Id.* ¶ 4. But "threadbare recitation of the amount in controversy element for subject matter jurisdiction under CAFA is insufficient, without more, to establish the Court's subject matter jurisdiction." *Petkevicius*, 2017 WL 1113295, at *4. "[S]imply stating that the amount in controversy exceeds $5,000,000, without any specific factual allegations as to the actual amount sought by the plaintiffs does not constitute a good faith allegation of the amount in controversy." *Id*. The party asserting federal jurisdiction must make "specific factual allegations" supported by

---

[4] The complaint states that NWAN worked with 120 dealerships, but says nothing about the numbers of warranties issued by these dealerships. *See* Doc. 16 ¶ 11.

- 5 -

"evidence combined with reasonable deductions." *Ibarra*, 775 F.3d at 1197 (quoting *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010)).

On the topic of damages, Plaintiffs allege they lost $3,700 when their claim for covered repairs was denied on the basis of an unlawful warranty provision. Doc. 16 ¶¶ 40, 58. Plaintiffs also allege that they paid a higher price for their vehicle because it included the warranty, and lost this value because the warranty contained an unlawful provision that rendered it "substantially worthless." Doc. 16 ¶¶ 17, 50. Even if these allegations are accepted as true, the Court cannot extrapolate them into a class seeking $5 million or more in damages. Assuming each class member suffered $3,700 in warranty damages and $500 in an excessive sale price, the class would need more than 1,100 members to meet the $5 million threshold. Plaintiffs provide no specific allegations or evidence to support such a class size.[5]

In short, despite Defendant's specific assertion – supported by affidavits – that the $5,000,000 threshold has not been met (Doc. 50 at 5-6), Plaintiffs provide no basis for the Court to reasonably estimate the class size or quantify the amount of damages. The Court will not engage in speculation untethered to any concrete allegations or evidence, nor blindly accept Plaintiffs' assertion that the amount in controversy requirement is satisfied. Plaintiffs have not shown that the Court has subject matter jurisdiction.

**III. Attorneys' Fees.**

Superstition requests attorneys' fees. Doc. 50 at 6; Doc. 53 at 4. Superstition provides no basis for such fees. The Court will deny the request.

---

[5] Superstition argues that claims "seeking equitable or declaratory relief cannot be used to meet the CAFA jurisdictional requirements." Doc. 53 at 3 (citing *Bank of N.Y. Mellon v. Walnut Place LLC*, 819 F. Supp. 2d 354 (S.D.N.Y. 2011), *rev'd sub nom. BlackRock Fin. Mgmt. Inc. v. Segregated Account of Ambac Assur. Corp.*, 673 F.3d 169 (2d Cir. 2012); *Kitazato v. Black Diamond Hosp. Invs., LLC*, No. CV.09-00271 DAE-LEK, 2009 WL 3824851 (D. Haw. Nov. 13, 2009)). The cases cited by Superstition appear to be inapplicable as they involved CAFA "mass actions," which explicitly require that the claims be "monetary relief claims," 28 U.S.C. § 1332(d)(11)(B)(i), and the courts simply recognized that "cases seeking only non-monetary relief . . . cannot be removed under CAFA." *Bank of N.Y. Mellon*, 819 F. Supp. 2d at 360. In any event, the Court need not determine whether it can consider non-monetary claims in determining the amount in controversy because Plaintiffs have provided no measure by which the Court could reasonably value the injunctive relief sought.

**IT IS ORDERED** that this case is dismissed without prejudice for lack of subject matter jurisdiction. The Clerk shall **terminate** this action.

Dated this 4th day of April, 2018.

_David G. Campbell_
United States District Judge